UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60056-CR-ALTMAN

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

BRANDON FLEURY,

        Defendant.
_____/

**MOTION TO DISQUALIFY JUDGE**

    The defendant, Brandon Fleury, through counsel, pursuant to 28 U.S.C. § 455 respectfully moves that the Honorable Roy K. Altman, Untied States District Court Judge, disqualify himself from the trial of this matter, and in support thereof, Mr. Fleury states:

    1.    Mr. Fleury is charged by indictment with four criminal offenses: one count of transmitting in interstate commerce, a communication containing a true threat to kidnap and injure the person of another, in violation of 18 U.S.C. § 875(c); three counts of using a facility of interstate commerce to engage in a course of conduct reasonably expected to cause substantial emotional distress victims with intent to harass and intimidate three separate victims, in violation of 18 U.S.C. § 2261A(2)(B).

    2.    During the status conference held on April 18, 2019, the attorney representing the government disclosed that around February 22, 2019, the day after the indictment had been returned, he had lunch with Judge Altman. The lunch

1

occurred prior to Judge Altman's confirmation and before this case was assigned to Judge Altman.

3. During the lunch with Judge Altman, the attorney from the government discussed the facts of the instant case and opined to Judge Altman that the defense would be relying on a mental defect defense.

4. At the status conference, Judge Altman stated that he had forgotten about the conversation he had with the attorney for the government about the instant case.

5. Under 28 U.S.C. § 455, a judge of the United States shall disqualify himself in any proceeding in which his impartiality may reasonably be questioned.

6. Here, Mr. Fleury has reason to question Judge Altman's impartiality because of the conversation that the attorney for the government had with Judge Altman about the facts of the case prior to Judge Altman being confirmed. A reasonable observer would question the impartiality of a Judge who eats lunch with the prosecutor and discusses a case which is eventually going to be heard by the Judge. *See United States v.* Murphy, 768 F.2d 1518, 1537 (7th Cir. 1985)(the statutory test is not actual impartiality but the existence of a reasonable question about impartiality); *In re Ocean 4660, LLC*, 534 B.R. 52, 60 (Bankr. S.D. Fla. 2015)(recusal required where judge has acted in such a way to give the appearance of partiality to a reasonable person).

6.     The undersigned has discussed this matter with Jared M. Strauss and the government takes no position on Mr. Fleury's motion for disqualification of Judge Altman.

WHEREFORE, the defendant, Mr. Fleury, respectfully request that the Honorable Roy K. Altman, Untied States District Court Judge, disqualify himself from the trial of this matter

                                Respectfully submitted,

                                MICHAEL CARUSO
                                FEDERAL PUBLIC DEFENDER

By:   *s/Daryl E. Wilcox*
       Daryl E. Wilcox
       Assistant Federal Public Defender
       Florida Bar No. 838845
       One E. Broward Boulevard, Suite 1100
       Fort Lauderdale, FL 33301-1842
       (954) 356-743
       Daryl_Wilcox@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on April 23, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

By: *s/Daryl E. Wilcox*
Daryl E. Wilcox