IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-60056-CR-RUIZ

UNITED STATES OF AMERICA,

  Plaintiff,

vs.

BRANDON FLEURY

  Defendant.
_____/

**DEFENDANT BRANDON FLEURY'S OBJECTIONS TO
THE PRESENTENCE INVESTIATION REPORT**

COMES NOW the defendant, Brandon Fleury, by and through counsel, and files the following objections to the presentence investigation report. DE 128.

OFFENSE CONDUCT

Paragraph 3- According to pre-trial services in California, Brandon's father, Patrick Fleury, stated that he "eventually wants to get a laptop for his son so he can listen to music and social media."  We deny this statement was made.

Paragraph 4- The facts as set forth in the PSI should not include conclusory statements made by probation.  Specifically, the defense objects to the words "threatening and harassing" inserted prior to "posts via the Instagram social media application."  The defense objects to inclusion of the sentence starting with "One post threatened to kidnap the message recipients…" The PSI sufficiently lays out the facts with the actual quotes from the posts in the following paragraphs.  The inclusion of such statements are improper conclusory statements.

Paragraph 8- The defense objects to the insertion of "to harass and intimidate AP:" as an improper conclusory statement.

Paragraph 23- The defense objects to the insertion of "one of history's most notorious" and would seek to replace it with "serial killer, Theodore 'Ted' Bundy". The statement is the improper opinion of probation.

Paragraph 24- The defense objects to insertion of the words "in the kidnapping threat" and would seek to replace it with "in the post". The inclusion is an improper conclusory statement.

Paragraph 26- the defense objects to "Based on the threat to kidnap" and would seek to replace it with "based on the posts". The inclusion is an improper conclusory statement.

Paragraph 35- The defense objects to "As a result of the threat of murder" and seeks to replace with "as a result of the post". The inclusion is an improper conclusory statement.

Paragraph 36- The defense objects to insertion of the words "kidnapping threat" and seeks to replace it with "posts". The inclusion is an improper conclusory statement.

Paragraph 40- The defense objects to insertion of the words "online threats" and seeks to replace it with "online posts". The inclusion is an improper conclusory statement.

Paragraph 41- The defense objects to insertion of the words "idea to harass" and seeks to replace with "idea to send posts to". The inclusion is an improper conclusory statement. Also, the statement that "Fleury did not show remorse for posting the comments." This is an improper opinion. Additionally, after the question about whether a message would "feel threatening to the message recipients, Fleury responded, 'I guess so.'" The defense would seek to include the entirety of Brandon's response which was, "I guess so- I don't really remember that one."

Paragraph 42- The defense objects to the inclusion of this paragraph as it is irrelevant to the charges in the case.

Paragraph 43- The defense objects to the word "boasted" and seeks to replace it with "commented".

OFFENSE LEVEL COMPUTATION

Paragraphs 52, 58 and 64-

U.S.S.G. §3A1.1(b)(1) states that "if the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase by 2 levels." A vulnerable victim is defined as a person "(A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." *Id.* at app.n.2.

The defense objects to the application of this enhancement and argues that 1) JG, LS, MS and CK are not vulnerable victims as defined in section 3A1.1(b)(1) and 2) that even if they are classified as "vulnerable victims", Brandon did not know nor could he have known that they were "vulnerable victims."

The Court, in determining the applicability of this enhancement, must look to the facts known to the defendant when he selected the victims. *United States v. Bazile*, 590 Fed.Appx. 870, 872 (11th Cir. 2014) (unpublished)(enhancement applicable where defendant targeted particular victims based on his perception that they would be more susceptible to his tax fraud scheme). This inquiry must be based on the totality of the circumstances in each individual case. *Id.* See *United States v. Frank*, 247 F.3d 1257, 1260 (11th Cir. 2001)(enhancement proper where defendant knew that cab drivers must respond to all dispatches and thus are particularly vulnerable to carjackings). In *United States v. Malone*, the Eleventh Circuit held that the adjustment should focus "chiefly on

the conduct of the defendant and should be applied only where the defendant selects the victim due to the victim's perceived vulnerability to the offense." 78 F.3d 518, 522 (11th Cir. 1996).

The guideline enhancement applies to offenses involving an unusually vulnerable victim in which the defendant knows or should have known of the victim's unusual vulnerability." U.S.S.G. §3A1.1(b)(1); See *United States v. Birge*, 830 F.3d 1229, 1233 (11th Cir. 2016) (enhancement correctly applied for Probate Court Clerk who drew checks from conservatorship accounts belonging to minors and incapacitated adults).  In the instant case, Brandon is not mentally capable of understanding that these individuals are vulnerable. The defense will present testimony at sentencing to support its position from Dr. Lynda Geller.  Dr. Geller's report will be filed with the sentencing memorandum in support of a downward variance.

Paragraph 74- If the Court grants the defense objection for the vulnerable victim enhancement then the total offense level would be 23.

SENTENCING OPTIONS

Paragraph 117- The guideline imprisonment range should be 46-57 months imprisonment.

Paragraph 132- Probation states that they are unaware of any factors that would warrant a downward departure or variance.  However, the PSI goes into great detail about Brandon's diagnosed autism spectrum disorder.  U.S.S.G. §5K2.13 sets forth the policy statement warranting a downward departure based upon diminished capacity.  Additionally, counsel will set forth the additional factors under 18 U.S.C. §3553(a) in the sentencing memorandum and motion for downward variance.

WHEREFORE the Defense respectfully requests that this Court grant its objections to the facts and guidelines as calculated.

Respectfully submitted,

/s/ Sabrina Puglisi
Sabrina Vora-Puglisi
Fla. Bar No. 0324360

Puglisi Law
Courthouse Center
40 N.W. 3rd Street
Penthouse One
Miami, FL 33128
Tel: (305) 403-8063
Fax: (305) 379-6668
Email: sabrina@puglisilaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2020, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification to all parties of record.

/s/ Sabrina Vora-Puglisi
Sabrina Vora-Puglisi, Esq.