UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **19-60056-CR-RUIZ**

**UNITED STATES OF AMERICA**

**vs.**

**BRANDON MICHAEL FLEURY,**

        **Defendant.**
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits its response to defendant Brandon Michael Fleury's objections to the Presentence Investigation Report (DE 148).

    I.    Offense Level Computation

Pursuant to United States Sentencing Guidelines (USSG) §3A1.1(b), a defendant who "knew or should have known that a victim of the offense was a vulnerable victim, increase by 2 levels." The application notes define "vulnerable victim" as a person "who is a victim of the offense of conviction and any conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct)" and "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct" (§3A1.1 App. N. 2) (emphasis added). Contrary to Fleury's contention, the enhancement applies.

1

It is difficult to fathom a scenario in which the facts of this case do not meet the threshold set forth under §3A1.1. Less than a year after the massacre that took place at the Marjorie Stoneman Douglas High School, Fleury mercilessly attacked the family and friends of those who lost loved ones at the hands of Nikolas Cruz ("the victims"). Prior to executing this attack, Fleury stalked the victims online, saved photographs of them on his tablet devices, and took screenshots of social media postings in which the victims discussed their sorrow. Fleury knew that the victims were in pain. Rather than showing compassion, he bombarded them with messages bearing the image and name of Cruz so that Cruz's image constantly popped up on their devices. The messages themselves referenced the AR-15 assault rifle and the manner in which Cruz killed their loved ones. When considering this in conjunction with Fleury's admission that the power, dominance, and control that serial killers and mass murderers exhibited towards their victims is what sexually aroused him, Fleury clearly knew of the victims' vulnerabilities and sought to exploit it for his own pleasure.

Any contention that Fleury lacked knowledge that the victims were vulnerable is meritless. Frankly, this was the same argument that Fleury raised at trial, which the jury rejected. Nevertheless, Fleury seeks to support his argument by calling Dr. Lynda Geller on his behalf at sentencing. To date, the government has not received a copy of Dr. Geller's report, curriculum vitae, or any notes/transcripts/related documents associated with her alleged examination of Fleury. It is uncertain what Dr. Geller – who will be Fleury's third expert witness in less than a year – will say but the government will address this further at the time of sentencing.

This Court should deny Fleury's objections to the two-level enhancement under §3A1.1.

II.     Objections to Paragraphs 3, 4, 8, 23, 24, 26, 35, 36, 40, 41, 42, 43

Although none of these objections will affect the guideline calculation, the United States responds in the following manner:

Paragraph 3 – The United States does not object at this time; however, it will attempt to follow-up with pretrial services in California regarding this statement.

Paragraphs 4, 8, 23, 24, 26, 35, 36, 40, 41 – This Court should deny Fleury's attempts to remove the words "harassing," "intimidating," and "threatening" – or variations of these words – from his offense conduct. A jury considered all of the evidence presented at trial and found these words correctly applied to Fleury's conduct. These statements are not "improper conclusory statements."

Paragraph 41 – In addition to the information conveyed in the previous paragraph, the fact that "Fleury did not show remorse for posting the comments" is a correct statement of the evidence and supported by the examinations conducted by multiple medical professionals. Thus, this Court should deny that objection as well.

Paragraph 42 – The United States has no objection to the removal of the first sentence; however, it objects to the removal of the rest of the paragraph. This Court should deny Fleury's attempt to remove any reference to his admission that he is sexually aroused by the aggression exhibited by killers and has masturbated to photographs of Ted Bundy, Nikolas Cruz, Aileen Wuornos, and Dylan Klebold and Eric Harris (Columbine shooters). This information is necessary to understand Fleury and his motivation behind the criminal conduct at hand. The United States intends to elaborate on this further at the time of sentencing. For now, this Court should deny the objection.

3

III.     Objections to Paragraphs 117 and 132

In paragraph 117, the advisory guideline range should remain 57 to 71 months.

In Paragraph 132, the fact that the probation officer did not identify any factors that would warrant a departure and/or variance is the officer's opinion. In accordance to 18 U.S.C. § 3553(a), this Court has the statutory authority to consider a broad range of factors in fashioning the appropriate sentence. Nothing in this paragraph constrains this Court's authority under § 3553(a). While Fleury will be seeking a downward departure/variance, the government intends to seek an upward variance. This will allow the Court to have all the necessary information before it prior to imposing judgment. Thus, no change should be made to this paragraph.

WHEREFORE, for the reasons stated above, this Court should adopt the United States' response to Fleury's objections to the presentence investigation report.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: /s *Ajay J. Alexander*
AJAY J. ALEXANDER
Assistant United States Attorney
Court ID No. A5502506
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394
(954) 660-5778 (telephone)
(786) 385-4604
Ajay.Alexander@usdoj.gov

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 21, 2020, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                           s/ *Ajay J. Alexander*
                                           AJAY J. ALEXANDER
                                           Assistant United States Attorney