UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-60056-RAR

**UNITED STATES OF AMERICA**

vs.

**BRANDON MICHAEL FLEURY**,

    Defendant.
_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court on Defendant Brandon Michael Fleury's Motion for Reduction in Sentence and Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"), [ECF No. 198]. The Court having carefully reviewed the Motion, the United States' Response in Opposition ("Response"), [ECF No. 201], Defendant's Reply in Support ("Reply"), [ECF No. 204], the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

## BACKGROUND

Following a jury trial, Defendant was found guilty on October 8, 2019 of one count of transmitting interstate threats, in violation of 18 U.S.C. § 875(c), and three counts of cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B). *See* Indictment, [ECF No. 18]; Jury Verdict, [ECF No. 105]. The Court subsequently sentenced Defendant to 66 months' imprisonment, followed by three years of supervised release. Judgment in a Criminal Case, [ECF No. 169]. Defendant is now incarcerated at FCI Danbury. In his Motion, Defendant cites several difficulties he has faced while incarcerated, but he claims most or all of these are the result of the fact he has autism spectrum

disorder ("ASD"). *See generally* Mot. He requests that the Court order his release based on these circumstances.

## LEGAL STANDARD

A district court may modify a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i). Section 604 of the 2018 First Step Act expanded "who [could] file a Section 3582(c)(1)(A) motion" to allow for defendant-filed motions when previously, only the Bureau of Prisons ("BOP") could file them. *See United States v. Bryant*, 996 F.3d 1243, 1258–59 (11th Cir. 2021). However, Congress "chose not to lift its stricture that courts must follow the [Sentencing] Commission's applicable policy statements when ruling on [§ 3582(c)(1)(A) compassionate release] motions." *Id.* at 1259.

In this Circuit, the categories for "extraordinary and compelling reasons" are delineated in § 1B1.13 of the U.S.S.G. policy statement and are applicable to all § 3582(c)(1)(A) motions, whether filed by the BOP or by a defendant directly. *Id.* As such, courts in this Circuit do not have discretion to develop their own interpretations of "extraordinary and compelling reasons" to justify a reduction in a defendant's sentence. *See id.* at 1248. Accordingly, the Court must apply § 1B1.13 to determine whether extraordinary and compelling circumstances exist. *See United States v. Thompson*, No. 17-CR-60152, 2021 WL 5999422, at *3 (S.D. Fla. Dec. 20, 2021).

The Application Notes to § 1B1.13(1)(A) define extraordinary and compelling reasons warranting the reduction of a defendant's sentence: 1(A) Medical Condition of the defendant; 1(B)

Age of the defendant (at least 65 years old); 1(C) Family Circumstances; and 1(D) Other Reasons. The Eleventh Circuit has made clear that the open-ended "Other Reasons" category in Application Note 1(D) is limited to extraordinary and compelling reasons identified by the BOP and cannot function as a catchall category for district courts to rely on when granting defendant-filed compassionate release motions. *See Bryant*, 996 F.3d at 1262–65; *see also United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021) ("We held in *Bryant* that this language precluded district courts from finding extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13.").

A defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Colonna*, 535 F. Supp. 3d 1291, 1297 (S.D. Fla. 2021); *see also United States v. Heromin*, No. 11-55033, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (assigning defendant burden of proof after the implementation of the First Step Act). Accordingly, to be entitled to relief under section 3582(c)(1)(A), a defendant must meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence.

## ANALYSIS

It is not disputed that Defendant has exhausted his administrative remedies. Accordingly, the Court begins by determining whether Defendant has demonstrated an extraordinary and compelling reason that warrants compassionate release. He has not.

### *I. Defendant Has Not Demonstrated an Extraordinary and Compelling Reason*

Defendant attempts to rely on two extraordinary and compelling reasons delineated in § 1B1.13's Application Notes: a medical condition (and a serious functional or cognitive impairment specifically) and the catch-all "Other Reasons." As an initial matter, Defendant's reliance on the catch-all to ask the Court to consider numerous hardships he has faced is misplaced, because the

Eleventh Circuit has held this provision is limited to extraordinary and compelling reasons identified by the BOP. *See Bryant*, 996 F.3d at 1262–65; *see also Giron*, 15 F.4th at 1347. The BOP has not identified any additional extraordinary or compelling reasons for Defendant's compassionate release, and therefore the catch-all is inapplicable to Defendant's Motion. Accordingly, the Court must evaluate solely whether Defendant has a medical condition that meets the requirements of Application Note 1(A)(ii).

Defendant's reliance on Application Note 1(A)(ii) is also misplaced. Relevant here, a defendant is eligible for compassionate release under Application Note 1(A)(ii) when he "is . . . suffering from a serious physical or medical condition . . . [or] a serious functional or cognitive impairment . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Defendants must generally corroborate they have such conditions with evidence from a medical provider. *See Heromin*, 2019 WL 2411311, at *2 ("Without his medical provider corroborating either of these requirements, [a defendant] has not shown a foundation for compassionate release based on his medical condition.").

Defendant did not attach any evidence to his Motion, so his general claim that his ASD diminishes his ability to provide self-care is—along with most of his representations—completely uncorroborated. Indeed, he has cited no authority supporting his position that, while certain aspects of prison life are more difficult for individuals with ASD, it renders him unable to provide self-care as required by Application Note 1(A)(ii).[1] *See also United States v. Balster*, No. 16-50078, 2023 WL 2274366, at *3 (D.S.D. Feb. 28, 2023) (finding no extraordinary or

---

[1] The only authority Defendant cites does not appear to rely on Application Note 1(A)(ii), so it is inapposite. *See generally United States v. Hambrock*, 520 F. Supp. 3d 827 (E.D. Va. 2021).

Page **4** of **6**

compelling circumstance where defendant suffered from numerous medical conditions, including ASD, "anxiety, depression and psychological issues"); *United States v. Ridder*, No. 17-CR-00286, 2021 WL 930781, at *2 (N.D. Cal. Mar. 11, 2021) (denying compassionate release despite defendant's claim "that self-care in prison is 'especially challenging' for someone with autism and ADHD"). While Defendant has identified certain aspects of incarceration he alleges are exacerbated by his ASD, none of these seem to relate to his ability to administer his own self-care. As one example, his claim that he "has thought other inmates were his friends until" proven otherwise, Mot. at 4, does not appear to relate to self-care as Application Note 1(A)(ii) requires. Similarly, though Defendant has represented COVID-19 lockdowns exacerbate his ASD symptoms, none of the cited effects of the lockdowns diminish Defendant's ability to provide self-care.

Contrary to his position that his ability to provide self-care is diminished, Defendant provides numerous examples that showcase he may sufficiently care for himself. Defendant "has had no disciplinary actions," he "has completed Sentry classes and drug education classes," taken "Bible study" classes and "other self-study courses," and has almost completed his GED while incarcerated. *See* Mot. at 7. A letter from Warden T. Pullen, who denied Defendant's request for a reduction in sentence, confirms there is no indication that Defendant is unable to care for himself. *See* [ECF No. 201-2].[2] It is therefore clear to the Court that Defendant's ASD is not a condition or impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility."

---

[2] While Defendant contests some of the representations in this letter, he does not take issue with any of the Warden's statements indicating Defendant can provide self-care. *See* Reply at 3 n.1. Further, he attaches no evidence to rebut the sections of the letter he contests.

## *II. The Court Need Not Analyze the § 3553(a) Factors Here*

As Defendant has not cleared the § 3582(c)(1)(A)(i) threshold for "extraordinary and compelling reasons" to reduce his sentence, the Court need not analyze the 18 U.S.C § 3553(a) factors. Only when eligibility for compassionate release is established does a court have to determine whether "the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Bryant*, 996 F.3d at 1251 (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

## **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Brandon Michael Fleury's Motion, [ECF No. 198], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 7th day of June, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**